UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
JOEL WERZBERGER                                                  :
                                                                 :    Case No.:
                        Plaintiff,        :
                                                                 :    COMPLAINT
    -  against  -                                              :
                                                                 :
MANDARICH LAW GROUP, LLP,                                        :
                                                                 :
                        Defendant.        :
---------------------------------------------------------------- X

JOEL WERZBERGER (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against MANDARICH LAW GROUP, LLP, (hereinafter referred to collectively as "*Defendants*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York residing in Orange County, New York and submits himself to this court's jurisdiction.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant, is a collection agency with its principal place of business located at 5965 Transit Road, Suite 500, East Amherst, NY 14051.

8. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Upon information and belief, on a date better known by Defendant, an alleged consumer debt belonging to the Plaintiff was assigned or otherwise transferred to Defendants for collection.

11. The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. On or about October 4, 2019 Defendant filed a lawsuit against the Plaintiff in the Supreme Court of the State of New York, County of Orange, for the collection of said debt in the amount of $21,790.06. See Complaint attached hereto as exhibit 1.

13. Plaintiff hired an attorney to assist him in defending the matter.

14. On October 25, 2019, Plaintiff's attorney filed an answer to the Defendant's lawsuit. See the e-filing confirmation attached hereto as Exhibit 2 showing that the Plaintiff's attorney filed an Answer which was served via the e-filing portal to Defendant.

15. Nonetheless, despite having actual knowledge that the Plaintiff had retained an attorney, on November 6, 2019 Defendant mailed a letter directly to Plaintiff. See copy of letter dated November 4, 2019 attached hereto as exhibit 3 as well as the November 6, 2019 time-stamped envelope that the letter was placed in attached hereto as Exhibit 4.

16. Plaintiff was confused why he would be getting this letter as he had already hired an attorney to represent him in this matter and he was assured by his attorney that his Answer was previously filed.

17. Plaintiff became concerned as to why the Defendant would be reaching out to Plaintiff directly and intentionally circumnavigate Federal Law prohibiting the Defendant from contacting Plaintiff directly as the Defendant had actual knowledge that the Plaintiff was represented by counsel.

18. The mailings are a "communication" as defined by 15 U.S.C. § 1692a(2).

19. 15 U.S.C. § 1692e preface prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt.

20. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

21. 15 U.S.C. § 1692c(a)(2) prohibits a debt collector from communicating with a consumer if the debt collector knows that the consumer is represented by an attorney with respect to such debt.

22. 15 U.S.C. § 1692b(6) prohibits a debt collector from communicating with any consumer that is represented by an attorney with regard to a debt.

23. Defendant's attempts to collect the debt by circumnavigating the Plaintiff's attorney and contacting the Plaintiff directly is the use of a deceptive means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692e preface and § 1692e(10).

24. Defendant's mailings directly to the Plaintiff when it knew that Plaintiff had retained an attorney with respect to this debt is a prohibited communication with the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(2) and § 1692b(6).

25. Defendants' conduct, as described, is a violation of 15 U.S.C. § 1692e preface, 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692c(a)(2) and 15 U.S.C. § 1692b(6).

## JURY DEMAND

26. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a. Damages against Defendants pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's costs; all together with

d. Such other relief that the Court determines is just and proper.

Dated: November 1, 2020
Brooklyn, New York

    /s/ Joseph Balisok
Joseph Balisok, Esq.
251 Troy Ave
Brooklyn, NY 11213
Office (718) 928-9607
Fax (718) 534-9747
Joseph@LawBalisok.com
Attorney for Plaintiff